# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | **CRIMINAL COMPLAINT** |
| v. | : | |
| NICOLAU OLHOVSKY | : | Mag. No. 05- 5018 |

I, Jacqueline A. Gregorio, being duly sworn, state the following is true and correct to the best of my knowledge and belief:

On or about December 22, 2004, in Mercer County, in the District of New Jersey, and elsewhere, defendant NICOLAU OLHOVSKY did knowingly and willfully possess material which contained at least three images of child pornography, as defined in Title 18, United States Code, Section 2256, which had been shipped and transported in interstate commerce, including by computer, and which were produced using materials that had been shipped and transported in interstate and foreign commerce, including by computer,

In violation of Title 18, United States Code, Section 2252A(a)(5)(B).

I further state that I am a Special Agent with the Federal Bureau of Investigation, and that this complaint is based on the following facts:

SEE ATTACHMENT A

continued on the attached page and made a part hereof.

Jacqueline A. Gregorio, Special Agent
Federal Bureau of Investigation

Sworn to before me and subscribed in my presence,
on May ___, at Trenton, New Jersey

HONORABLE TONIANNE J. BONGIOVANNI
UNITED STATES MAGISTRATE JUDGE

Signature of Judicial Officer

## ATTACHMENT A

I, Jacqueline A. Gregorio, am a Special Agent with the Federal Bureau of Investigation. I have knowledge of the following facts from my own investigation and my discussions with and review of reports of other law enforcement officers. Because this Affidavit is submitted for the sole purpose of establishing probable cause to support the issuance of a Complaint, I have not included each and every fact known by the Government concerning this investigation. All conversations are recounted in sum and substance.

1. On or about December 22, 2004, law enforcement officers conducted a search of 28 Alfred Ave., Hamilton, New Jersey, the residence of defendant NICOLAU OLHOVSKY (hereinafter "defendant OLHOVSKY").

2. Among the items seized by law enforcement officers pursuant to the search was a computer hard drive, which is further identified as a Western Digital computer hard drive, manufactured in Malaysia (hereinafter "the Western Digital hard drive").

3. Law enforcement officers reviewed the contents of the Western Digital hard drive, which was seized from defendant OLHOVSKY's residence as described in ¶¶ 1-2. Among the images found on the computer hard drive were at least three or more images of what appear to be child pornography, as defined by Title 18, United States Code, Section 2256(8). Three of these images are described as follows:

   a. **Image 1: !09missy.suck.jpg:** This image depicts a known victim, a prepubescent female, from approximately the shoulders up, dressed in a black-and-white striped dress with a red and white collar. She is performing fellatio on what appears to be an adult male. The adult male's exposed penis, genitalia, and a portion of his legs are visible.

   b. **Image 2: helen116.jpg:** This image depicts a known victim, a prepubescent female, wearing only a white top. She is laying on her back, on what appears to be a bed, and is being penetrated by what appears to be an adult male. The male is on his knees, and is visible from approximately mid-torso down.

   c. **Image 3: (carl)R@ygold377.jpg:** This image depicts known victim, a prepubescent female. She is totally unclothed, and is laying, with her legs spread, on the stomach of what appears to be a nude, adult male. The adult male is penetrating her.

4. On or about December 22, 2004, law enforcement agents interviewed defendant OLHOVSKY who stated, in substance and in part, that the computer in which the Western Union hard drive was located was his computer. He further admitted that he possessed images of child pornography on the Western Digital hard drive, and that he used an Internet Relay Chat to collect and distribute images of child pornography.

5.      Based on my education, training, and experience, my discussions with other law enforcement officers, and to the best of my knowledge, the images described in ¶ 3a-c, were downloaded from the Internet based on, among other things, defendant OLHOVSKY's own admissions that he collected images of child pornography using an Internet Relay Chat.