# UNITED STATES DISTRICT COURT
## District of New Jersey

UNITED STATES OF AMERICA

v.                                                          Case Number    2:06CR263(SRC)(1)

NICOLAU OLHOVSKY

Defendant.

## AMENDED JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)

**Date of Original Judgment:** 2/23/2007
**Reason for Amendment:** Correction of Sentence on Remand (18 U.S.C. §§ 3742(f)(1) and (2))

The defendant, NICOLAU OLHOVSKY, was represented by ANDREA BERGMAN, AFPD.

The defendant pled guilty to count(s) ONE of the INFORMATION on 4/4/2006. Accordingly, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date of Offense | Count Number(s) |
|---|---|---|---|
| 18:2252A(a)(5)(B) | Knowing and Willful Possession of Child Pornography | 12/22/2004 | 1 |

As pronounced on 3/5/2010, the defendant is sentenced as provided in pages 2 through 5 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall pay to the United States a special assessment of $100.00, for count(s) one, which shall be due immediately. Said special assessment shall be made payable to the Clerk, U.S. District Court.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

Signed this the  8  day of MARCH, 2010.

STANLEY R. CHESLER
United States District Judge

08610-3702

Judgment – Page 2 of 5

Defendant:       NICOLAU OLHOVSKY
Case Number:  2:06CR263(SRC)(1)

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of credit for time served on count one of the information.

## RETURN

I have executed this Judgment as follows:

_____
_____
_____
_____

Defendant delivered on _____ To _____
At _____, with a certified copy of this Judgment.

_____
United States Marshal

By _____
Deputy Marshal

Case 2:06-cr-00263-SRC   Document 49   Filed 03/08/10   Page 3 of 5 PageID: 135

AO 245C (Mod. D/NJ 12/06) Sheet 3 - Supervised Release

Judgment -- Page 3 of 5

Defendant: NICOLAU OLHOVSKY
Case Number: 2:06CR263(SRC)(1)

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of 3 years, on count one of the information.

Within 72 hours of release from custody of the Bureau of Prisons, the defendant shall report in person to the Probation Office in the district to which the defendant is released.

While on supervised release, the defendant shall comply with the standard conditions that have been adopted by this court (on the next page).

The defendant shall submit to one drug test within 15 days of commencement of supervised release and at least two tests thereafter as determined by the probation officer.

If this judgment imposes a fine, special assessment, costs, or restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine, assessments, costs, and restitution that remains unpaid at the commencement of the term of supervised release and shall comply with the following special conditions:

INTERNET ACCESS DENIAL-The defendant shall not possess, procure, purchase or otherwise obtain access to any form of computer network, bulletin board, internet, exchange format involving computers, Web-Enabled Cellar Telephone and or Smart Phone unless specifically approved by the U.S. Probation Office.

COMPUTER ACCESS MONITORING- The defendant shall submit to an initial inspection by the probation office, and to any unannounced examinations during supervision of the defendant's computer equipment, web enabled cellar telephone and or smart phone. The defendant shall allow the installation on the defendants computer, web enabled cellular telephone or smart phone of any hardware and or software systems which monitor computer use. The defendant shall abide by the standard conditions of computer monitoring that have been adopted by this court.

The defendant shall provide the U. S. Probation Office with full disclosure of his financial records to include yearly income tax returns upon the request of the U. S. Probation Office. The defendant shall cooperate with the probation officer in the investigation of his financial dealings and shall provide truthful monthly statements of his income.

The defendant shall participate in a mental health program for evaluation and/or treatment as directed by the U. S. Probation Office. The defendant shall remain in treatment until satisfactorily discharged and with the approval of the U. S. Probation Office.

The defendant is prohibited from incurring any new credit charges or opening additional lines of credit without the approval of the probation officer, unless the defendant is in compliance with a payment schedule for any fine obligation. The defendant shall not encumber or liquidate interest in any assets unless it is in direct service of the fine obligation or otherwise has the express approval of the Court.

The defendant shall follow the directions of the U. S. Probation Office regarding any contact with children of either sex, under the age of 18. The defendant shall not obtain employment or perform volunteer work which includes as part of its job/work description, contact with minor children. The defendant shall not maintain, within his or her residence or within any outside establishment within his her control or custody, a collection of films, slides, pictures, tapes, videotapes or other form of pictorial representation whose subject matter involves minor children of either sex and can be deemed to be pornographic. The Probation officer shall have the right of reasonable search of the defendant, his/her residence, or any other establishment within the defendant's custody or control, and shall if necessary, request the assistance of other law enforcement personnel to enforce the provisions of this special condition.

The defendant shall register with the state sex offender registration agency in any state where the defendant resides, is employed, carries on a vocation, or is a student, as directed by the probation officer.

Cooperate in the collection of DNA.

The defendant shall submit to an initial polygraph examination and subsequent maintenance testing, at intervals to be determined by the probation officer, to assist in treatment, planning, and case monitoring. The defendant will be required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based o ability to pay or availability of third-party payment.

Judgment – Page 4 of 5

Defendant: NICOLAU OLHOVSKY
Case Number: 2:06CR263(SRC)(1)

## STANDARD CONDITIONS OF SUPERVISED RELEASE

While the defendant is on supervised release pursuant to this Judgment:

1) The defendant shall not commit another federal, state, or local crime during the term of supervision.

2) The defendant shall not illegally possess a controlled substance.

3) If convicted of a felony offense, the defendant shall not possess a firearm or destructive device.

4) The defendant shall not leave the judicial district without the permission of the court or probation officer.

5) The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month.

6) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.

7) The defendant shall support his or her dependents and meet other family responsibilities.

8) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.

9) The defendant shall notify the probation officer within seventy-two hours of any change in residence or employment.

10) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute or administer any narcotic or other controlled substance, or any paraphernalia related to such substances.

11) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.

12) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.

13) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.

14) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

15) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

16) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

---

*For Official Use Only - - - U.S. Probation Office*

Upon a finding of a violation of probation or supervised release, I understand that the Court may (1) revoke supervision or (2) extend the term of supervision and/or modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions, and have been provided a copy of them.

You shall carry out all rules, in addition to the above, as prescribed by the Chief U.S. Probation Officer, or any of his associate Probation Officers.

(Signed) _____
                          Defendant                                     Date

_____
U.S. Probation Officer/Designated Witness          Date

AO 245C (Mod. D/NJ 12/06) Sheet 5 - Fine

Judgment – Page 5 of 5

Defendant: NICOLAU OLHOVSKY
Case Number: 2:06CR263(SRC)(1)

**FINE**

The defendant shall pay a fine of $2,000.00.

This fine, plus any interest pursuant to 18 U.S.C. § 3612(f)(1), is due immediately and shall be paid in monthly installments of no less than $60.00, to commence 30 days after the date of this judgment.

If the fine is not paid, the court may sentence the defendant to any sentence which might have been originally imposed. See 18 U.S.C. § 3614.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.